IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| BENJAMIN J. MCGEE, | : |
| Plaintiff, | : |
| VS. | : |
| | : 7 : 10-CV-126 (HL) |
| Officer JESSIE PALMER, *et al.*, | : |
| Defendants. | : |

**RECOMMENDATION**

Presently pending in this 42 U.S.C. ▪ 1983 action is a Motion for Summary Judgment filed by Defendants Jessie Palmer and Mike Morris, jailers at the Colquitt County Jail during the time period relevant to Plaintiff's Complaint. (Doc. 25). This Complaint was originally filed on November 1, 2010. (Doc. 1). In his claim against Defendants Palmer and Morris, Plaintiff alleges that on September 22, 2010, while he was confined at the Colquitt County Jail, Defendants Palmer and Morris beat, choked, and otherwise used excessive force against Plaintiff, after requesting that Plaintiff comply with a lock down order. *Id.*; Doc. 5. The Court notified the Plaintiff of the filing of the Defendants' motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of the date of the Court's Order. (Doc. 29).

In his Complaint, the Plaintiff alleges that on September 22, 2010, he was upstairs in the Colquitt County Jail facility, reading a Bible passage with another inmate, when a jail officer told them to "lock down". (Doc. 1, p. 4). Plaintiff told the officer he would comply with the order, after he finished reading his Bible passage. The officer told Plaintiff that he would be on lock down status the rest of the day since he failed to comply with the initial order. Defendant Palmer then arrived to escort Plaintiff to his cell, pushed the Plaintiff, and ultimately pushed and pulled the Plaintiff down the

stairs and into his cell.  Plaintiff asserts he hit his knee as he was pushed by Palmer into the cell and that Palmer then grabbed him from behind and began choking Plaintiff.  Plaintiff states that he "came back out [sic] the cell to let other inmates see whats [sic] going on.  I held on to [sic] the bars and pulled my way over to where more inmates can see." *Id.*  Plaintiff asserts that Defendant Morris then arrived, and hit and kicked the Plaintiff.  Defendant Morris then put handcuffs on the Plaintiff's left arm and sprayed Plaintiff with "mase". *Id.*  Plaintiff states that he "refuse to let go of the bars and let them slam me on my face like they always do." *Id.*  Plaintiff subsequently pled guilty to misdemeanor obstruction charges based on the September 22, 2010 incident.  (Doc. 26-1).

### *Standard of Review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

The party moving for summary judgment has the initial burden to demonstrate that no genuine issue of material fact remains in this case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991).  The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions

2

of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it" Fed.R.Civ.P. 56(e)(3).

## *Discussion*

In their Motion for Summary Judgment, Defendants Palmer and Morris contend that Plaintiff's allegations do not establish a constitutional violation, inasmuch as the force used was not malicious and sadistic, or used for the purpose of causing harm. In response to the Defendants' Motion for Summary Judgment, the Plaintiff has submitted an unsworn statement in which he reiterates the facts of his Complaint and denies resisting the efforts of the Defendants to place Plaintiff in his cell on lock down status. (Doc. 32). This document does not comply with the requirements for an affidavit, and as such is not evidence in support of Plaintiff's position but is merely further argument. *See Holloman v. Jacksonville Hous. Auth.*, 2007 WL 245555 *2 (11th Cir. Jan. 30, 2007) ("unsworn statements, even from *pro se* parties, should not be considered in determining the propriety of summary judgment.") (*citing Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980)).

A review of Plaintiff's claim reveals that it is barred by the Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477 (1994). *See Cobb v. Florida*, 293 Fed.Appx. 708 (11th Cir. 2008) (affirming district court's *sua sponte* dismissal of complaint as barred by *Heck*); *Presha v. Mack*, 2009 WL 3246606 (N.D.Ga. Oct. 6, 2009) (upholding court's *sua sponte* raising issue of whether complaint was barred by *Heck*). The Supreme Court has held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily

imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.   Plaintiff has failed to show that his conviction on obstruction charges has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.*

According to documentary evidence submitted by both the Defendants and the Plaintiff, Plaintiff pled guilty to two counts of misdemeanor obstruction of a correctional officer under O.C.G.A. § 16-10-24.   The criminal warrant charged as follows:

> Obstruction of Officer . . . by not following orders and jerking away from Officer Palmer and running down the stairs.   He resisted by holding onto the bars and refusing to lock down that Officer Morris had to pepper spray him.

(Docs. 26-1, 32-1).

Section 16-10-24(a) of the Official Code of Georgia Annotated provides that:

> Except as otherwise provided in subsection (b) of this Code section, a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor.

O.C.G.A. § 16-10-24(a).

In his Complaint, Plaintiff appears to claim that the attack by correctional officers was unprovoked and that force was used against him for no reason. (Doc. 1).   These allegations directly contradict Plaintiff's obstruction conviction, and if Plaintiff's allegations of unlawful use of force are established, Plaintiff will have negated the facts supporting his obstruction conviction. *See Hayward v. Kile*, 2009 WL 2045939 (S.D.Ga.) (if plaintiff proved use of force by officers was unlawful his conviction for obstruction under Georgia law would be invalidated); *Walker v. Munsell*, 281

Fed.Appx. 388, 390 (5th Cir. 2008) (plaintiff's suit alleging that he did not resist arrest and was attacked by officers for no reason squarely challenged the factual determination underlying his conviction for resisting arrest and thus was barred by *Heck*).  If Plaintiff was successful in establishing that the use of force by Defendants Palmer and Morris was unlawful, he would necessarily negate that element of the crime of obstruction whereby law enforcement officers were engaged in the "lawful discharge of their official duties".  Inasmuch as a plaintiff cannot win relief under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence", and Plaintiff has not established or indicated that his sentence has been invalidated, this suit brought pursuant to § 1983 is barred by *Heck*.  *Heck,* 512 U.S. at 487.

The Court notes that this is not a case in which the Plaintiff might establish the unlawfulness of the Defendant's actions and yet not invalidate his conviction for obstruction.  In *Dyer v. Lee*, 488 F. 3d 876 (11th Cir. 2007), the Eleventh Circuit found that *Heck* did not prohibit the plaintiff's excessive force action, as plaintiff's conviction for resisting arrest would not necessarily be invalidated by the establishment of the officers' excessive use of force.  However, in *Dyer*, the plaintiff had been convicted of resisting arrest under Florida law, which did not require that the arrest had been lawful. *Id.* at  879.  Accordingly, the establishment of excessive use of force would not have invalidated the plaintiff's resisting arrest conviction in *Dyer.*  The Georgia obstruction statute, in contrast, does not provide for a conviction unless the officer was "in the lawful discharge of his official duties". O.C.G.A. § 16-10-24(a).

*Conclusion*

Inasmuch as Plaintiff's § 1983 claim for excessive force against the Defendants is barred by *Heck,* it is the recommendation of the undersigned that Defendants' Motion for Summary Judgment be **GRANTED**.  The Court notes that the dismissal of Plaintiff's claim against the Defendants as

*Heck*-barred is without prejudice.

Pursuant to 28 U.S.C. ▪ 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 26th day of June, 2012.

                                            s/   ***THOMAS Q. LANGSTAFF***

                                            UNITED STATES MAGISTRATE JUDGE